# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM K. LANGFAN REVOCABLE TRUST,

    Plaintiff,

v.                                                                           Case No. 22-CV-17

FOOT LOCKER SPECIALTY, INC.

    Defendant.

## CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, William K. Langfan Revocable Trust ("WKL Trust"), by its counsel, hereby moves the Court pursuant to Fed. R. Civ. P. 65 ("Injunctions and Restraining Orders") for an order granting WKL Trust immediate access to the property located at 1000-1006 West Mitchell Street, Milwaukee WI (the "Property") and requiring that Defendant, Foot Locker Specialty, Inc. ("Foot Locker"), allow WKL Trust access to inspect, market, and lease the Property.

Foot Locker is subject to a 99-year lease of the Property that is set to expire December 31, 2022. Foot Locker has allowed the Property to devolve into disrepair, sit vacant, and become unfit for occupancy. WKL Trust has brought claims against Foot Locker for: (1) breach of lease for failing to maintain the Property in "good, safe, secure and sanitary condition"; (2) anticipatory breach of lease for asserting it would not deliver the Property in good order and condition at the expiration of the Lease; (3) negligence for allowing the Property to fall into a state of disrepair and vacancy and become unfit for occupancy; (4) waste for unreasonable conduct, destruction, misuse, and neglect of the Property; (5) a declaratory judgment that Foot Locker is responsible for the costs of repairs and must provide WKL Trust access to inspect the Property; and, (6) a violation of Wis. Stat. §704.05(2) for failing to allow WKL Trust access to

the Property. Every day that Foot Locker is denied access to inspect the Property, the conditions are worsening and WKL Trust is suffering irreparable harm.

The Supreme Court held that, "[a] plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

Here, as to likelihood of success on the merits, Wis. Stat. § 704.05, titled "Rights and duties of landlord and tenant in absence of written agreement to contrary" states:

> (1) WHEN SECTION APPLICABLE. So far as applicable, this section governs the rights and duties of the landlord and tenant *in the absence of any inconsistent provision in writing signed by both the landlord and the tenant*. Except as otherwise provided in this section, this section applies to any tenancy.
> (2) POSSESSION OF TENANT AND ACCESS BY LANDLORD. Until the expiration date specified in the lease, or the termination of a periodic tenancy or tenancy at will, and *so long as the tenant is not in default*, the tenant has the right to exclusive possession of the premises, except as hereafter provided. *The landlord may upon advance notice and at reasonable times inspect the premises, make repairs and show the premises to prospective tenants or purchasers*; and if the tenant is absent from the premises and the landlord reasonably believes that entry is necessary to preserve or protect the premises, the landlord may enter without notice and with such force as appears necessary.

(Emphasis added).

As Foot Locker is in default of the Lease for failure to maintain the Property, they are not entitled to exclusive possession of the Property. Further, the Lease does not have any provisions regarding landlord access, accordingly Section 704.05(2) applies. Even if they were not in default, WKL Trust is entitled to inspect the Property if it provides advance notice for reasonable times, which it has done.

Both prior to commencing this litigation and after, WKL Trust has given Foot Locker notice of its intention to inspect the Property. (Langfan Aff., ¶ 8-9, Bazelon Aff., ¶ 2, 6, 9 Exhibits C, D, E, G). Foot Locker has repeatedly denied the requests or inexplicably attempted to limit or condition an inspection or access to the vacant Property on terms that are unacceptable to the WKL Trust. (Langfan Aff., ¶ 10, Bazelon Aff., ¶ 3, 5, 9, Exhibit F). Foot Locker's baseless denials of access are contrary to Wisconsin law and WKL Trust is likely to succeed on the merits.

As to the likelihood of WKL Trust suffering irreparable harm, the Property is now unfit for occupancy and in violation of various City of Milwaukee and State of Wisconsin Building Codes. (Langfan Aff., ¶ 5-6). The WKL Trust has an obligation to mitigate the damages and repair and prepare the Property to be leased again when the Lease expires. The WKL Trust and its agents and contractors need access to the Property so that it prepare the Property for occupancy and market the space to prospective tenants. Every day that WKL Trust is denied access, the Property sits vacant, neglected, with worsening conditions. Foot Locker should not be permitted to deny access and allow the Property to fall into further disrepair. Moreover, Foot Locker cannot deny the worsening conditions of the Property, and accumulating violations, when it has filed a third-party complaint against its former sublessee, JP-RAP Milwaukee LLC and James Farrey (collectively, "JP-RAP"), asserting that JP-RAP breached its sublease for failing to repair and maintain the Property and seeking indemnification. (See ECF Doc No. 9). [1]

The balance of equities also favors WKL Trust. With Foot Locker not occupying the Property and their lease set to expire on December 31, 2022, it is unclear why Foot Locker is denying access. Again, Foot Locker is well aware of the damage to the Property and what repairs

---

[1] Foot Locker previously sued JP-RAP for breach of its sublease for failing to repair and maintain the Property and received a default judgment in the amount of $529,274.01. Foot Locker's third-party complaint details the various notices and violations the Property has received.

3

will need to be made, yet is playing games with denying access. Such denials can only be seen as a transparent attempt to push off the inevitable-that it has failed to maintain the Property and that it will be on the hook to repair the Property. WKL Trust's interest in making sure the Property is fit for occupation so it can re-let the Property after Foot Locker's tenancy outweighs Foot Locker's interest in delaying its liability.

Finally, public interest also favors granting WKL Trust immediate access. The Property is unfit for occupancy and in violation of various City of Milwaukee and the State of Wisconsin Building Codes. (Langfan Aff., ¶ 5-6). It is in the public interest to have safe, operable buildings. WLK Trust, as the owner, must have access to the Property to be able to inspect the conditions and have the necessary and required repairs done to make the Property safe and be able to be re-let. It is contrary to public interest to allow the Property to continue to sit vacant, neglected, and deteriorating for months incurring additional violations.

Based on the foregoing, WKL Trust asks that the Court, pursuant to Fed. R. Civ. P. 65, enter an order granting WKL Trust (and its agents and contractors) immediate access to the Property and requiring Foot Locker allow WKL Trust access to inspect, market, and lease the Property.

Plaintiff respectfully requests a hearing on this motion.

Dated this 22nd day of April, 2022.

/s/ Adam S. Bazelon
Adam S. Bazelon, SBN 1064318
Christopher T. Koehnke, SBN 1076031
Katie L. Bireley, SBN 1106622
von BRIESEN & ROPER, s.c.
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1470

Attorneys for Plaintiff,
William K. Langfan Revocable Trust